**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIM. NO. 07-60053** |
| **VERSUS** | * | **JUDGE MELANCON** |
| **KAYCEE COLLINS** | * | **MAGISTRATE JUDGE HILL** |

**REPORT AND RECOMMENDATION**

The defendant, Kaycee Collins ("Collins"), has filed a motion to dismiss the indictment pending against him. [Record Doc. 37]. The government has filed an opposition [Record Doc. 40] and the defendant has responded [Record Doc. 44]. An evidentiary hearing on the motion was held on November 18, 2008. Both parties filed post-hearing memoranda addressing the issue of whether or not a violation of the defendant's due process rights by state authorities is attributable to the government. [Record Doc. 53 and 54].[1] For the following reasons, it is recommended that the motion to dismiss be **denied**.

**1. Procedural setting and position of the parties**

On November 14, 2007, the defendant was indicted in a two count indictment charging him with possession of a firearm by a convicted felon (count one) and seeking forfeiture of a Smith & Wesson Model 29, .44 caliber magnum pistol and 50 Remington

---

[1] In view of the findings contained herein, the undersigned does not reach this issue.

brand .44 caliber cartridges (count two). [Record Doc. 1].

The defendant moved to dismiss the pending indictment on due process grounds, arguing that most of the evidence which was seized pursuant to a consensual search of the premises located at 108 Merchants Boulevard, Apartment 19, in Lafayette Parish, on June 19, 2006, which evidence forms the entire basis of the charge against the defendant, was destroyed by the State, thus violating his due process rights. The defendant complains that because the bullets which were seized at the time of the search are no longer available for fingerprint or other analysis, that he has been deprived of evidence which "could have been useful by the defense because it could have been tested for fingerprints or subjected to other testing that could have shown that another suspect had the bullets." [Record Doc. 37, page 6].

Similarly, the defendant claims that the photographs apparently taken at the scene of the search could have been used to dispute the allegation that the gun and bullets were found in Collins' belongings. [Record Doc. 37, pages 6-7]. These photographs were originally maintained in digital form on a "floppy" disc which was also destroyed. Finally, the defendant complains that the police destroyed a videotaped statement of Pamela Guilbeau ("Guilbeau"), the lessee of the apartment searched, taken shortly after her arrest, which would have cast doubt as to Guilbeau's veracity.

The government argues that the videotape did not contain exculpatory evidence, that counsel for the defendant did not request fingerprint (or other) analysis of the bullets

until September 18, 2008 (after counsel for the defendant found out that the bullets had been destroyed) and that the police are available to testify with regard to the contents of the photographs appearing on the destroyed the disc. [Record Doc. 40].

**2. Law and analysis**

In order to clearly understand the facts in this case, the undersigned finds the following chronology to be correct:

| | |
|---|---|
| June 19, 2006 | Search at 108 Merchants Blvd., Apartment 19 |
| June 19, 2006 | Guilbeau arrested, gave written and videotaped statement |
| August 24, 2006 | ATF letter to Lafayette Parish Sheriff's Office requesting that the weapon seized be maintained by the Sheriff's Office |
| September 20, 2006 | State notified by Office of the United States Attorney that the government was reviewing the case for possible federal prosecution |
| January 17, 2007 | Collins arrested on state charges |
| March 5, 2007 | Guilbeau pleads guilty in state court |
| March 15, 2007 | Collins charged in state court |
| June 19, 2007 | Discovery motion (Collins) filed in state court |
| June 20, 2007 | Discovery motion (Collins) granted in state court |
| July 25, 2007 | Letter by District Attorney's Office authorizing disposal of "any evidence" in the case |
| September 2007 | Evidence destroyed |

| | |
|---|---|
| November 14, 2007 | Indictment in this case returned |
| December 6, 2007 | Discovery by defendant requested in this Court |
| December 28, 2007 | Specific discovery request made by defendant in this court |
| January 3, 2008 | Government directs counsel for defendant to the case agent to review the requested evidence |
| July 2, 2008 | Trial reset |
| August 5, 2008 | Defendant again requests discovery of evidence |
| September 18, 2008 | Defendant notified that all evidence, except the .44 caliber pistol, had been destroyed |

In *Arizona v. Youngblood*, 488 U.S. 51, 58, 109 S.Ct. 333, 337 (1988), the Court held that, "unless a criminal defendant can show bad faith on the part of the police, failure to preserve *potentially useful evidence* does not constitute a denial of due process of law." (emphasis added).

In *Illinois V. Fisher*, 540 U.S. 544, 124 S.Ct. 1200 (2004), the Court recognized that it had previously held that the failure to disclose *material exculpatory evidence*, in good faith *or* in bad faith, is a due process violation. (emphasis added). *Citing Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963) and *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392 (1976). The Court further, after recognizing its previous holding in *Youngblood*, noted that the bad-faith requirement in *Youngblood* depended on the distinction between "materially exculpatory" evidence and "potentially useful" evidence. *Id.*, 124 S.Ct. 1203.

Accordingly, where the evidence which is suppressed (or, in this case, destroyed) is "material exculpatory evidence", bad faith is not an issue. On the other hand, where the suppressed (or destroyed) evidence is merely "potentially useful", no due process violation occurs unless the police are in bad faith. This was recognized by the Fifth Circuit in *United States v. Moore*, 452 F.3d 382, 388 (5th Cir. 2006) (impermissibly withheld evidence must be either (1) material and exculpatory or (2) only potentially useful, in combination with a showing of bad faith on the part of the government, to constitute a denial of due process.)

**A. Was the destroyed evidence material and exculpatory?**

The defendant failed to prove that any of the evidence which was destroyed by the Sheriff's Office was, in any way, exculpatory. The defendant's argument focuses on three items which were destroyed, to wit, the videotaped statement of Guilbeau, the disc containing the photographs made at the scene of the search and the .44 caliber bullets. During her testimony, Guilbeau testified that some of the statements which she made on the videotape were false. Apparently, these false statements implicated the defendant with the ownership of the gun which is the subject of this indictment. None of the statements which Guilbeau remembered making on the videotape were exculpatory as to Collins.

Additionally, Officer Dore, the police officer who conducted the interrogation of Guiilbeau which was videotaped, was unequivocal in his testimony that none of the

answers given by Guilbeau were exculpatory as to Collins.  Furthermore, Dore testified that the answers given by Guilbeau in the videotaped statement were consistent with the written statement provided by Guilbeau to the police earlier that evening.  In short, there is simply no evidence that any of the content of the videotape was exculpatory.

Similarly, there is no indication that any of the photographs, in and of themselves, were exculpatory.  Dore, who took the photographs, testified that the items of evidence had been seized by police prior to his arrival.  The photographs which Dore took simply showed the items that had been found, and were to be seized.  Specifically, as to the gun which was apparently found by the police under the bed in the bedroom, the photographs did not show the location from which the gun was seized, nor any items in close proximity to the location where the gun was seized.

As to the bullets, there is absolutely no evidence that any analysis of the bullets, for fingerprints or otherwise, would yield material and exculpatory evidence.

The defendant argues that without the ability to look at the videotape and photographs, and examine the bullets, that there is no way to determine whether or not exculpatory evidence was destroyed.  He may well be right.  However, the burden is on the defendant to show that the evidence destroyed was material and exculpatory.  That he

has not done.²

For the above reasons, it is clear that the defendant failed to prove that the evidence which was destroyed was material and exculpatory.

**B. Was the destroyed evidence potentially useful to the defendant, and, if so, was the evidence destroyed in bad faith?**

Under the facts of this case, as disclosed at the hearing, it is at least conceivable that the evidence destroyed might have been potentially useful to the defendant. However, there is absolutely no proof of bad faith by either the government or state authorities.

After the evidence was seized during the search it was placed into evidence envelopes and turned over to the evidence custodian of the Lafayette Parish Sheriff's office, Lieutenant Frank Durand, and logged in under police report number 06-159820. By letter dated August 24, 2006, Lieutenant Durand was notified by ATF that the government was considering bringing federal charges, and that ATF was, therefore, requesting that Durand maintain custody of the Smith & Wesson revolver which is the subject of this indictment.

---

²In large part, the defendant argues that the facial expressions, demeanor, tone of voice, etc. of Guilbeau as depicted on the videotape would do much to allow the jury to assess her credibility. However, Guilbeau, under oath at the hearing held on November 18, testified that she lied to the police several times, including lying in statements which she made on the videotape. In short, Guilbeau admitted to lying to the police on the videotape; once Guilbeau made that admission, the necessity of the videotape, in order to prove that she lied to the police, is greatly lessened. In short, the defendant does not need the videotape to prove that Guilbeau lied, because she admitted that she lied on the videotape while under oath. In that regard, the undersigned finds that the videotape is not "material" on that issue, since Guilbeau has admitted, under oath, to lying to the police on the video tape.

Assistant District Attorney Floyd Johnson was the prosecutor assigned the prosecution of this case in the 15th Judicial District Court. Mr. Johnson testified at the hearing. The undersigned found Mr. Johnson's testimony to be highly credible and credits that testimony as follows.

The case was referred to the Office of the District Attorney by Lafayette Metro narcotics under police report No. 06-159820. Both Pamela Guilbeau and Kaycee Collins (the defendant herein) were the subjects of that police report. All of the evidence seized was logged in under the same police report number. On March 5, 2007, Guilbeau pled guilty, in State court, to possession of heroin, under Docket No. 110994. Ten days later, Johnson charged Collins, in State court, with several state crimes under a different docket number.

Johnson testified that it is the procedure in his office that, after a case is finished, his secretary prepares a letter to the evidence custodian at the Sheriff's Office authorizing the destruction of any evidence relating to that case. That letter is signed, by Johnson's secretary, with a stamp bearing Johnson's signature. This is done at Johnson's direction and with his approval. In this case, Johnson's secretary did not realize that both Collins and Guilbeau were charged pursuant to a police report bearing the same number, and that Collins' case remained pending. Accordingly, Johnson's secretary prepared the letter sent to Lieutenant Durand authorizing the destruction of the evidence. Once Durand received this letter he destroyed all of the evidence which had been logged into the evidence room

under that police report number, excepting only the Smith & Wesson revolver which ATF had previously requested that he maintain. In short, the destruction of the evidence in this case was as a result of an honest error made by Mr. Johnson's secretary.

As can be seen from the chronology set out above, the evidence was destroyed prior to the return of the indictment in this case. There is no evidence that the government was notified that the evidence was to be destroyed, and the government, apparently, did not know of the destruction of the evidence until counsel for the defendant told counsel for the government.

It is clear that the government was not involved in the destruction of this evidence, and did not know that the evidence was to be destroyed in advance. It is also clear that no "bad faith" was involved in the destruction of this evidence. The evidence was destroyed as a result of simple inadvertence and error by a clerical employee of the District Attorney's Office. In no way does this constitute "bad faith". Since no "bad faith" is present in this case, the defendant is not entitled to the relief which he seeks, even if the evidence was "potentially useful". *See Youngblood* and *Moore*.

### 3. Conclusion

Since the defendant failed to prove that any of the evidence which was destroyed was material and exculpatory and also failed to prove the existence of any "bad faith" on the part of either the state, ATF or the Office of the United States Attorney, the defendant's motion to dismiss should be **denied**, and the undersigned so recommends.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996)**.

December 2, 2008, Lafayette, Louisiana.

*[signature]*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE